PRYBESKI *v.* PIECHOVIAK.

MORTGAGES—FORECLOSURE—TAXES—DECREE—REDEMPTION.
  Provision for reimbursement being made by a contract supple-
    mental to the mortgage instrument for all expenditures of a
    mortgagee for repairs, taxes, and insurance, the decree prop-
    erly allowed to him amounts so expended.

Appeal from Bay; Collins, J. Submitted April 8, 1912.
(Docket No. 67.) Decided May 31, 1912.

Bill by Mary Prybeski and another against Anton Pie-
choviak for an accounting and to redeem from a land con-
tract as from a mortgage. From a decree for complain-
ants granting less than the relief claimed, they appeal.
Affirmed.

*James Van Kleeck,* for complainants.
*Joslyn & Houghton,* for defendant.

On August 23, 1905, complainants were the owners in
fee simple of the land in question in this suit. On that
day the complainants deeded the land to defendant, and on
the same day a contract was entered into between the par-
ties, as follows:

"This indenture, made and entered into the 23d day of
August, A. D. 1905, by and between Anton Piechoviak,
of the city of Bay City, Bay county, Michigan, party of
the first part, and William V. Prybeski, of the same
place, party of the second part, witnesseth as follows:
Whereas, said second party has this day made, executed,
and delivered to said first party, a deed conveying the
following described property, to wit: 'The east $28\frac{5}{12}$ ft.
of lot No. 8 and fractional lot nine (9) in block two hun-
dred twenty-one (221) of the village of Portsmouth, now
Bay City,' as per plat thereof duly recorded in the office
of the register of deeds, Bay county, Michigan, and which
said deed is made for the purpose of securing the said

Anton Piechoviak for certain moneys to be advanced to the said William V. Prybeski, as herein provided: Now, therefore, said first party agrees that on the signing and delivery of this contract he will pay to the said second party five hundred ($500) dollars, to be used by said second party in paying all taxes in arrears on said property and in paying for certain work heretofore done and to be done in and about the erection of a building on said property. Said second party agrees to commence at once and erect on said premises a good substantial building in accordance with certain plans and details heretofore agreed upon and understood by and between the parties hereto, and which said building is to be completed on or about the first day of November, A. D. 1905, and earlier if possible, or as soon thereafter as may be. Said first party agrees from time to time and as often as the same shall become due and payable, to pay for any and all material purchased for use in erecting said building and for any and all labor employed in and about the erection and completion of said building; a correct and accurate account shall be kept of the cost of the erection of said building, together with the past due and accrued taxes paid therefor, and if the total sum shall not equal two thousand ($2,000) dollars, then said first party when said building is fully completed and ready for occupancy agrees to pay to said second party such additional sum as shall equal two thousand ($2,000) dollars; and, if the said taxes and cost of said building shall exceed two thousand ($2,000) dollars, then said second party agrees upon the completion of said building to repay said excess to said first party. Said first party is to have possession of said building and of said premises as soon as said building is completed and is to continue in possession under the terms and conditions of this agreement for a period of five years from and after the completion of said building, with the privilege of renewing the right to remain in possession of said building until the first day of May following the expiration of said five years on the same terms as herein provided and for such longer period or periods as the parties may then agree to. Said first party, for the use of said building and premises, agrees to pay said second party the sum of four hundred ($400) dollars per annum, payable quarterly in advance, commencing with the date when said building is completed and ready for use and continuing for said period of five years. Said second party in consideration of the

premises and in payment of the moneys herein provided to be advanced by said first party, agrees to pay to said first party the just and full sum of two thousand ($2,000) dollars, payable as follows, to wit: One hundred ($100) dollars when said building is fully completed and ready for occupancy, and one hundred ($100) dollars every three months thereafter until the said sum of two thousand dollars has been fully paid, together with interest on all sums remaining unpaid, which interest is to be payable annually. Said second party agrees to pay promptly and in due season all taxes that may be levied or assessed on said premises, ordinary as well as extraordinary, and in default of such payments by said second party, said first party may pay such taxes, and the amount so paid by the said first party shall be added to the amount due under this agreement and shall become due and payable at once, anything herein to the contrary notwithstanding. Said second party also agrees to keep the building or buildings to be erected on said premises insured against loss by fire in responsible insurance companies in amounts satisfactory to said first party and to pay the premiums therefor, and in default thereof said first party may effect said insurance and the premium or premiums paid by said first party shall be added to the amount due under this contract and become due and payable at once, anything herein to the contrary notwithstanding. All insurance shall be payable to said first party as his interest may appear. On the payment of the within and foregoing sums herein provided to be paid by said second party to said first party, together with the interest thereon, as herein provided, said first party agrees to make, execute and deliver to said second party a good and sufficient deed of conveyance of said premises free and clear of any and all liens or encumbrances placed or to be placed thereon, or permitted to be placed thereon by said first party Said second party agrees that upon the payment of the several sums herein provided to be paid by said first party said first party may and shall have and hold the quiet and peaceable possession of said premises during the continuance of this lease and agreement. It is further mutually agreed between the parties that during the continuance of this agreement said second party shall keep said premises and each and every part thereof in as good repair as when received by said first party, reasonable use and wear thereof and damages by the elements excepted. It is further mutually agreed

that said second party, during the continuance of this agreement is to at all times have free access to the south ten (10) feet of the property herein described, for use as a driveway or road, to reach the other parts or portions of the lots herein described. In case of default in the performance of any of the terms or conditions contained in this contract, if such default shall continue for a period of 90 days, the other party may, after giving 30 days' notice in writing, take proceedings to annul and rescind this contract, and if such default is on the part of said first party then said second party may take proceedings to regain possession of said premises in accordance with the statutes in such case made and provided. It is further agreed that said first party shall not sell, assign or transfer the possession of said premises or the leased portions of this agreement without the consent of the second party in writing. It is mutually agreed that several quarterly payments of rent provided for herein to be paid by said first party are to be so paid by said first party by the offset by said first party to said second party of one of the quarterly payments herein provided to be made by said second party to said first party. This agreement is to be binding upon the heirs, executors, administrators and assigns of the respective parties hereto, except as herein otherwise provided.

"In witness whereof, said parties have hereunto set their hands and seals at the city of Bay City, Bay County, Michigan, this twenty-third day of August, A. D. 1905.

"Made in Duplicate.

"ANTON PIECHOVIAK.        [L. S.]
"WILLIAM V. PRYBESKI.        [L. S.]"

This contract was later modified by the following:

"Whereas Anton Piechoviak has heretofore begun suit in the circuit court for the county of Bay, against William V. Prybeski, for the purpose of foreclosing a certain land contract made and dated August 23d, 1905; and, whereas said parties have compromised and settled their differences, now, therefore: It is agreed that the said William V. Prybeski is now owing the said Anton Piechoviak on said contract and for other matters the sum of twenty-eight hundred and seventy-two dollars ($2,872.00), and in consideration of the delivery by said Piechoviak of a note for seventy-five dollars ($75.00), made June 26th, A. D. 1905, the said William V. Prybeski herewith delivers and

releases to the said Anton Piechoviak the said land contract in question, together with all of his rights therein, except as follows: That said William V. Prybeski may at any time on or before the first day of May, A. D. 1910, pay the said sum above named as being due to the said Anton Piechoviak, together with the cost of all ordinary and necessary repairs to keep said building in as good a condition as at the present time, except wear and tear and reasonable use thereof, together with the actual cost of a new shed in the rear of said premises, if one shall be erected, which cost shall not exceed one hundred dollars ($100), including the material in the old shed, together with the interest thereon at six per cent. per annum, and any and all taxes and insurance hereafter paid on said property or the buildings thereon, with interest as aforesaid, less the amounts which would become due from time to time for the rent of said premises as provided in said contract, then the said Piechoviak agrees to redeliver said contract to said Prybeski and to make and execute a deed as in said contract provided. If said Prybeski shall pay the sum above named the settlement shall be had upon the crediting to him of the same interest on the rents falling due, as is provided in said contract. Rents are herein included and credited for $300 to October 8th, 1906. The said Prybeski and his tenants are to have the right of ingress and egress across the south ten feet of said premises described in said contract, during the time herein provided for and so long thereafter as the said Piechoviak shall own and control said property. The said Piechoviak agrees to keep the buildings on said premises insured in a reasonable sum and in good and responsible fire insurance companies.

" In witness whereof, said parties to this agreement have hereunto set their hands and seals, at the city of Bay City, Bay county, Michigan, this twenty-fifth day of September, A. D. 1906.

"Anton Piechoviak.
"William V. Prybeski."

Complainants pray for an accounting and for leave to redeem. Defendant by way of cross-bill asks for an accounting, and, in default of payment of the amount found to be due him, for a sale of the premises. Both parties treated the deed and contract together as a mortgage, and the trial judge held them to be such. The record shows

no dispute as to the sums paid out by defendant, but there is a dispute as to his right to have credit for certain expenditures. The circuit judge stated the account, and on December 22, 1911, made a decree of foreclosure, finding the sum due defendant as of January 8, 1912 (that being the day on which one of the quarterly payments was due), to be $2,274.25. From this decree complainants appeal.

BROOKE, J. (*after stating the facts*). It is the claim of complainants, as we understand it, that they are not dissatisfied with the decree of foreclosure, but complain only that the amount found to be due is too large. Counsel for complainants furnishes us a computation in his brief which shows a balance against his clients of $1,096.59, instead of $2,274.25, as found by the circuit judge. To reach this result counsel fails to give defendant credit for all sums paid out by him for taxes, repairs, or insurance from 1906 to 1911. In this we think he is in error. The supplemental contract provides that (in case of redemption) complainants shall pay the sum therein agreed upon as being due, together with the cost of repairs, taxes, and insurance, with interest, less the rent to be credited from time to time. We are of opinion that the learned circuit judge reached a proper conclusion in the accounting.

Complainants urge that they should not be compelled to pay costs in any event, inasmuch as defendant was denying all rights of complainants to any equity in the property. We have examined the record with care, and do not find this claim to be borne out by the evidence, though William V. Prybeski swore that defendant claimed to own the property now. Upon the consideration of the whole record we are disposed to agree with the conclusion of the trial judge as to costs.

The judgment is affirmed, with costs.

MOORE, C. J., and STEERE, McALVAY, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.